Martin F. Casey
Gregory G. Barnett
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DELDO AUTOBANDEN NV,

       Plaintiff,                                    16 Civ.

   - against -
                                     **COMPLAINT**

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.,

       Defendant.
-------------------------------------------------------------X

      Plaintiff, DELDO AUTOBANDEN NV, by and through its attorneys, Casey & Barnett

LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the

provisions contained in the MSC Line bill of lading, which mandates that jurisdiction for all

claims arising under its bill of lading shall be in this jurisdiction.

## PARTIES

      2.     At all material times, Deldo Autobaden NV, (hereinafter "Deldo" or "Plaintiff")

was and is a corporation organized and existing by virtue of the laws of a foreign state with an

office and place of business located at Essensteenweg 113, Brasschaat, Belgium and was the

owner and/or shipper of the consignment of Car Tires, as more specifically described below.

3.     At all material times, defendant, MSC Mediterranean Shipping Company S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

4.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5.     On or about February 27, 2016, a consignment consisting of 668 Packages Car Tires, laden in container number MSCU 9966347, then being in good order and condition, was delivered to the M/V MAERSK IDAHO and to MSC and/or its agents in Antwerp, Belgium for transportation to South Bend, Indiana via New York, New York, in consideration of an agreed upon freight, pursuant to MSC bill of lading number MSCUEV637649 dated February 29, 2016.

6.     Thereafter, the aforementioned container was loaded aboard the M/V MAERSK IDAHO and the vessel departed Antwerp, Belgium.

7.     On or about March 7, 2016, the aforementioned container was discharged from the carrying vessel in the Port of New York.

8.     Upon information and belief, MSC thereafter contracted to have the subject container transported by rail from the Port of New York to Chicago, Illinois utilizing rail carrier CSX. The subject container arrived at the CSX rail terminal in Chicago, Illinois on or prior to March 14, 2016.

9.     Upon information and belief, MSC thereafter contracted to have the subject container transported by road from Chicago, Illinois to South Bend, Indiana by road transit utilizing the services of a trucking company.

10.    Upon information and belief, the subject container was picked up by the designated driver, James Watkins, from the CSX railyard on March 14, 2016.

11.    Upon information and belief, the driver, James Watkins, left the container unattended overnight in Chicago, Illinois.

12.    Upon information and belief, the container was stolen during the evening of March 14, 2016, the cargo of 668 car tires was not been delivered to the intended receiver at the place of delivery and the cargo has not been recovered.

13.    As a result of the foregoing theft, the plaintiff has suffered a loss.

14.    The theft of the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation and bailment on the part of the Defendant and/or its agents.

15.    The total damages sustained by plaintiff in respect to the theft of the subject container is $131,059.38 plus survey fees and other assorted expenses incurred solely as a result of the theft.

16.    By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $140,000.00, no part of which has been paid, although duly demanded.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

17.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18.     Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

19.     The defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20.     As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $140,000.00.

21.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $140,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

22.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

23.     Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

4

24.    The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

25.    As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $140,000.00.

26.    By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $140,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

27.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28.    The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

29.    The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

30.    As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $140,000.00.

31.    By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $140,000.00.

5

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.    That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $140,000.00, together with interest, costs and the disbursements of this action; and

3.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       March 28, 2016
       478-01

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

                    By:    _Martin F. Casey_
                              Martin F. Casey
                              305 Broadway, Ste 1202
                              New York, New York 10007
                              (212) 286-0225